IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| JOHN ROBERT RUSSELL, ) | |
| ) | CASE NO. BK18-40860 |
| Debtor(s). ) | A19-4012 |
| JUSTIN SALTZMAN and ) | |
| SHELLI SALTZMAN, ) | |
| ) | CHAPTER 7 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN ROBERT RUSSELL, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiffs' motion for summary judgment (Fil. No. 9) and objection by the defendant (Fil. No. 15). Douglas D. DeLair represents the defendant, and Audrey R. Svane represents the plaintiffs. The motion was taken under advisement as submitted without oral arguments.

Because there is no genuine issue of material fact in dispute, the motion is granted.

The plaintiffs in this adversary proceeding purchased a home in Lincoln, Nebraska, from the defendant in 2016 for $114,000. On the required real estate seller's disclosure form, the defendant answered "no" to the question of whether the basement ever took on water. The plaintiffs discovered after the sale closed that water did in fact enter the basement after rains, and a professional inspection of the basement revealed evidence of previous water damage. The plaintiffs spent $65,620.78 to remediate the damage.

The plaintiffs then demanded arbitration under the terms of the written purchase agreement. The arbitrator found that the defendant knowingly failed to disclose the water issues in the basement, in violation of Nebraska law, and on February 1, 2018, awarded the plaintiffs damages of $36,958.28.[1] The plaintiffs thereafter filed an application to confirm the arbitration award pursuant to state law in March 2018, and followed it up with a notice of hearing on that application filed on

---

[1] The arbitration award excludes recovery for replacement of the driveway, sidewalks, and part of the garage floor to correct drainage issues because the arbitrator ruled the condition of the concrete was obvious to the buyers before the sale. The award includes the defendant's half of the arbitration fees, which he had refused to pay.

May 10, 2018. The debtor filed a Chapter 13 bankruptcy petition on May 16, 2018, and converted the case to a Chapter 7 proceeding in December 2018.

The plaintiffs subsequently filed this adversary proceeding to except the debt from discharge under 11 U.S.C. § 523(a)(2)(A) because it was based on false representations. The plaintiffs now move for summary judgment.

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To prevail under this section, the creditor must show, by a preponderance of the evidence, that the debtor (1) made a representation, (2) with knowledge of its falsity, (3) deliberately for the purpose of deceiving the creditor, (4) who justifiably relied on the representation, and which (5) proximately caused the creditor damage. *Hernandez v. General Mills Fed. Credit Union (In re Hernandez)*, 860 F.3d 591, 602 (8th Cir. 2017) (citing *Heide v. Juve (In re Juve)*, 761 F.3d 847, 851 (8th Cir. 2014)).

Because the debtor's intent is a necessary element for this cause of action, it is often difficult to establish on summary judgment. Therefore, the plaintiffs rely on the findings in the arbitration award to establish the fraudulent nature of the debtor's representations and collaterally estop the defendant from claiming otherwise.

Collateral estoppel, also known as issue preclusion, is a legal doctrine that bars the relitigation of factual or legal issues that were determined in a prior court action. *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 491 (B.A.P. 8th Cir. 2005) (citing *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991)). Here, the plaintiffs assert the arbitration award is sufficiently comparable to a court judgment to warrant reliance on its findings without the need to relitigate the issues decided therein.

"[F]ederal courts have routinely exercised their discretion to give preclusive effect to arbitration decisions where there were no federal interests or the federal interests did not rise to a level warranting protection, and the elements of collateral estoppel were met." *Portal Inv., LLC v. Johnson (In re Johnson)*, 584 B.R. 895, 900 (Bankr. D.N.D. 2018). The debtor's interest in a discharge and the resulting fresh start is significant, but does not rise to a level warranting protection from the principles of collateral estoppel. *Id.* at 901.

Courts frequently give preclusive effect to arbitration awards in subsequent bankruptcy litigation regarding exceptions to discharge, even in the absence of confirmation of the arbitration award. *Id.* at 900. This is because the parties have had the full and fair opportunity to litigate the merits of the case at the arbitration hearing, and confirmation of the arbitration award is generally "a summary proceeding that makes what is already a final arbitration award a judgment of the court." *Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 582 (8th Cir. 1998) (quoting *Domino Group, Inc. v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 420 (8th Cir. 1993)).

Therefore, the plaintiffs may assert collateral estoppel here based on the arbitration award. The question then becomes whether they have met their burden of establishing the necessary elements to preclude the defendant from litigating the case in this court:

>   (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;
>   (2) the issue sought to be precluded must be the same as the issue involved in the prior action;
>   (3) the issue sought to be precluded must have been actually litigated in the prior action;
>   (4) the issue sought to be precluded must have been determined by a valid and final judgment; and
>   (5) the determination in the prior action must have been essential to the prior judgment.

*Johnson*, 584 B.R. at 901 (citing *Sells v. Porter (In re Porter)*, 539 F.3d 889, 894 (8th Cir. 2008)). Because the arbitration award has not been confirmed under Nebraska law, it is appropriate to apply the federal common law of collateral estoppel. *Johnson*, 584 B.R. at 901 n.3.

Here, the elements for preclusion have been met. The parties to the adversary proceeding are the same as the parties to the arbitration. The issue of whether the debtor knowingly made a false statement to the plaintiffs is the same in both proceedings. The issue was argued and decided in the arbitration. The arbitration award, as noted above, is equivalent to a valid and final court judgment. The arbitrator's findings concerning the debtor's action were essential to his decision to award damages to the plaintiff.

Through the arbitration award, the elements of § 523(a)(2)(A) have also been met. First, the arbitration award establishes that the debtor's representation on the property disclosure statement was knowingly false and deliberately made:

> [The defendant] violated Neb. Rev. Stat. § 76-2,120 by failing to properly disclose previous water intrusion in the basement, a fact I find he had to have known having lived in the house, by his own admission, for over 20 years and the evidence from [the professional basement inspector] is that the water issues were of long standing nature.

Compl., Ex. B at 6 (Fil. No. 1).

Next, the plaintiffs justifiably relied on the debtor's representations. Justifiable reliance is a subjective determination made in light of the qualities and characteristics of the particular creditor and circumstances of the particular case. *Field v. Mans*, 516 U.S. 59, 74 (1995).

>   A court analyzing this element can examine any number of factors to determine whether a creditor's reliance was justifiable. *In re Sulier*, 541 B.R. at 882. These factors include:

> (1) the parties' previous business dealings; (2) events which might have put the creditor on notice that the representations were not well-founded; (3) whether a simple inquiry or request for additional information might have revealed the misinformation; (4) the course of dealings between the creditor and the debtor; and (5) information commonly known about the particular industry.
>
> *Id.*

*Kassebaum v. Smith (In re Smith)*, 591 B.R. 741, 750 (Bankr. D. Minn. 2018).

A fraud victim "is not justified in relying on a representation, and a duty to investigate arises, where the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived." *Hernandez v. General Mills Federal Credit Union (In re Hernandez)*, 860 F.3d 591, 604 (8th Cir. 2017).

The arbitrator pointed out that, in addition to making the false representation on the property disclosure form, the defendant also took overt steps to deceive the plaintiffs by covering up evidence of water damage in the basement before the house was sold. The arbitrator also noted the plaintiffs' position that, had they known of the existing water damage and potential for further damage, they either would not have purchased the house or they would have negotiated a lower price for it. The plaintiffs were justified in relying on the defendant's representation.

Finally, the arbitrator awarded damages resulting from the defendant's false statement and failure to disclose. However, the arbitrator also reduced that award by the amount of repairs for conditions "which were open and obvious to the buyers" prior to purchase, because those did not result from the failure to disclose. Compl., Ex. B at 6-7 (Fil. No. 1). In other words, the plaintiffs knew or should have known prior to the purchase that the driveway and sidewalks were in poor condition, but because of the defendant's actions, they could not have known that rain water routinely entered the basement.

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Here, the plaintiffs have established each element of § 523(a)(2)(A). The arbitration award collaterally estops the defendant from attempting to relitigate the merits of the matter. Therefore, there are no genuine disputes as to any material facts and the plaintiffs are entitled to judgment as a matter of law.

IT IS ORDERED: The plaintiffs' motion for summary judgment (Fil. No. 9) is granted. The debt is excepted from discharge. Separate judgment will be entered.

DATED: September 10, 2019.

BY THE COURT:

/s/Thomas L. Saladino
Chief United States Bankruptcy Judge

Notice given by the Court to:
    Douglas D. DeLair
    *Audrey R. Svane
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.